IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TAMRELL E. HAYES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br>HOUSTON COUNTY SCHOOL DISTRICT, GEORGIA<br><br>　　　　Defendant | Case No.:<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

NOW COMES PLAINTIFF, TAMRELL E. HAYES, by and through undersigned counsel, and brings this Complaint for Damages, showing this Court the following:

1.

This is an action brought under 42 U.S.C. §§12101 et seq. and 42 U.S.C. §1981a, and The Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*.

2.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

3.

Pursuant to 28 U.S.C. § 1391(b), this Court is the proper venue for Plaintiff's claims because Defendant resides in the Middle District of Georgia, Macon Division, and because the unlawful conduct giving rise to the claims occurred in the referenced Division of the Middle District of Georgia.

4.

Plaintiff Tamrell E. Hayes is a citizen of the United States and is authorized to bring this action pursuant to 42 U.S.C. § 12117(a) and 42 U.S.C. § 20000e-5(f).

5.

Defendant HOUSTON COUNTY SCHOOL DISTRICT, (hereinafter "Defendant School District") is located in Perry, Houston County, Georgia, and is a body corporate with the capacity to sue and be sued and is charged with the direction and control of the education of the children in the Houston County School District.  Defendant School District may be served by serving its Superintendent, Nehemiah Cummings, at 1100 Main Street, Perry, Georgia 31069.  The Houston County School District is under the management and control the Worth County Board of Education.  Ga. Const. Art. VIII, § V, Para. II.

6.

Defendant School District is an employer as defined in 42 U.S.C. 12111(5).

7.

Plaintiff was employed by Defendant School District, beginning in September of 2008 through the date of her termination in November of 2019.  As an employee of Defendant School District, Plaintiff worked for a program or activity that received federal financial assistance.

8.

Defendant School District is a covered employer under the Americans with Disabilities Act, 42 U.S.C. §§12101 et seq. (the ADA).

9.

Plaintiff was a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

10.

Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") which encompassed all of the claims asserted in the above-captioned Complaint, and of which Defendant is aware.

11.

Plaintiff brings this suit within 90 days of receipt or knowledge of the issuance of her Notice of Right to Sue, fulfilling any and all of his administrative requirements prior to bringing this suit.

12.

In September of 2018, Plaintiff requested a reasonable accommodation.

13.

Defendant refused Plaintiff's request for a reasonable accommodation and instead forced Plaintiff to take FMLA leave.

14.

Defendant refused to allow Plaintiff to return to work so long as she requested her reasonable accommodation.

15.

Defendant failed to engage in the interactive reasonable accommodation process with Plaintiff, in violation of the ADA.

16.

Defendant terminated Plaintiff's employment in October of 2019.  Defendant discriminated against Plaintiff on the basis of her disability when it terminated Plaintiff's employment.

17.

On December 6, 2019, the EEOC issued a Letter of Determination, and making the following findings:

"Respondent is an employer withing the meaning of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. (ADA).  Timeliness and all other jurisdictional requirements for coverage have been met.

Charging Party alleges she [was] discriminated against because of her disability and retaliated against for opposing employment practices in violation of the ADA.

Respondent denies the allegations.

The evidence revealed that Respondent subjected Charging Party to discrimination on the basis of her disability when it denied her request for reasonable accommodation.  There is no evidence in the record that Respondent engaged in the interactive process to identify a reasonable accommodation nor that Respondent has demonstrated that providing Charging Party an accommodation would have resulted in an undue hardship on its operations.

The evidence further revealed that there was a temporal proximity between Charing Party's protected activity and the subsequent adverse action.

Respondent's proffered reason for discharging Charging Party cannot withstand scrutiny and is a pretext for discrimination.

Based upon the evidence and the record as a whole, there is reasonable cause to conclude Charging Party was discriminated against because of her disability and discharged in retaliation for opposing unlawful employment practices in violation of the ADA."

18.

All administrative prerequisites for filing suit on Plaintiff's ADA claim have been satisfied.

19.

The effect of the practice(s) complained of above has been to deprive Plaintiff of equal employment opportunities and, otherwise, adversely affect her status as an employee because of her disability.

20.

The unlawful employment practices complained of above were intentional.

21.

The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

## COUNT I
## DISABILITY DISCRIMINATION - ADA

22.

Paragraphs 1 through 21 are re-alleged and incorporated herein by reference.

23.

Defendant School District discriminated against Plaintiff because she was a

qualified individual with a disability.

24.

The above-pled conduct of Defendant constitutes disability discrimination in violation of 42 U.S.C. § 12112(a).

25.

Pursuant to the ADA, Plaintiff is entitled to damages, including back pay and lost benefits, front pay, compensatory damages, and attorneys' fees and costs of litigation, as well as all other relief recoverable under the ADA.

## COUNT II
## DISABILITY DISCRIMINATION - REHABILITATION ACT

26.

Paragraphs 1 through 25 are re-alleged and incorporated herein by reference.

27.

At all relevant times while Plaintiff was employed with Defendant School, she was disabled within the meaning of The Rehabilitation Act of 1973.

28.

At all relevant times while Plaintiff was employed with Defendant School District, she was otherwise qualified for her position.

29.

Defendant School District discriminated against Plaintiff because of her disability in violation of The Rehabilitation Act of 1973 and retaliated against Plaintiff for engaging in activity protected by The Rehabilitation Act of 1973.

## COUNT III
## RETALIATION

30.

Paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

31.

Plaintiff was a qualified individual with a disability.

29.

Plaintiff requested a reasonable accommodation from Defendant School District.

30.

Defendant retaliated against Plaintiff' for her engaging in activity protected by the ADA and The Rehabilitation Act of 1973.

31.

Plaintiff is entitled to damages, including back pay and lost benefits, front pay, compensatory damages, including emotional pain and suffering, anxiety, stress, depression, humiliation, and attorneys' fees and costs of litigation, as well as all other relief recoverable.

**WHEREFORE**, Plaintiff prays this Court grant him the following relief:

(a) Award Plaintiff appropriate back pay with prejudgment interest, in an amount to be determined at trial;

(b) Award Plaintiff front pay and/or reinstatement, and any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

(c) Award Plaintiff compensatory damages in an amount to be determined by the enlightened conscience of the jury to compensate Plaintiff for the

        mental and emotional distress, and other losses she has suffered as a result of Defendant's discriminatory and retaliatory conduct

(d)    Award Plaintiff her attorney's fees and costs; and

(e)    Award Plaintiff such other and further legal and equitable relief as the Court may deem appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

This September 1, 2021.

                        **/s Charles E. Cox, Jr.**
                        **Charles E. Cox, Jr., LLC**
                        Ga. Bar No. 192305
                        Post Office Box 67
                        Macon, Georgia 31202-0067
                        Telephone:  (478) 757-2990
                        Facsimile:   (478) 757-2991
                        E-mail:       Charles@cecoxjr.com