**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **TAMRELL E. HAYES,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:21-cv-322 (MTT)** |
| ) | |
| **HOUSTON COUNTY SCHOOL** ) | |
| **DISTRICT,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

Plaintiff Tamrell E. Hayes filed this case and asserts discrimination and retaliation claims against Defendant Houston County School District ("School District") in violation of Title I of the Americans with Disabilities Act ("ADA") and Rehabilitation Act of 1973 ("Rehabilitation Act").  The School District moves to dismiss Hayes's complaint as untimely for failure to exhaust administrative remedies.  Doc. 6.  For the following reasons, the School District's motion (Doc. 6) is **DENIED**.

### I. STANDARD

Plaintiffs proceeding under the ADA must exhaust their administrative remedies by filing a charge with the EEOC before bringing their claims in federal court.  See 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5); *Zillyette v. Cap. One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) (applying the Title VII exhaustion requirement to an ADA claim) (citations omitted).  The defense of failure to exhaust non-judicial remedies raises a matter in abatement.  *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th

Cir. 2008) (citations omitted); *see Chesnut v. CC Servs., Inc.*, 2020 WL 1433876, at *3 (M.D. Ga. Mar. 24, 2020) (applying *Bryant* to claims subject to Title VII).  Like other matters in abatement, *e.g.*, jurisdiction, venue, and service of process, a district court may—indeed, necessarily must—consider facts outside the pleadings and resolve factual disputes to determine whether an exhaustion defense has merit "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  *Id.* at 1376 (citations omitted).  *See also, e.g., Snow v. Cirrus Educ. Grp.*, 2017 WL 6001502, at *3 (M.D. Ga. Dec. 4, 2017); *Akkasha v. Bloomingdale's, Inc.*, 2019 WL 7480652, at *3 (S.D. Fla. Dec. 18, 2019).  Plaintiffs who allege disability discrimination by their employers bear "the burden of proving all conditions precedent to filing suit[.]"  *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001).  Thus, Hayes must show the ADA claims alleged in Plaintiff's First Amended complaint (Doc. 2) were exhausted.[1]

## II. DISCUSSION

### A. Factual & Procedural Background

Hayes filed this action against the School District and alleges claims of disability discrimination and relation in violation of the ADA and Rehabilitation Act.  Doc. 2.

---

[1] Hayes argues that nonfederal employees are not required to exhaust administrative remedies for claims brought under § 504 of the Rehabilitation Act.  Although the Eleventh Circuit has not yet directly addressed this issue, the procedures set forth by the Rehabilitation Act for federal employees are contained in different sections than for nonfederal employees.  Section 501 adopts Title VII's enforcement procedures and specifically addresses federal employees, 29 U.S.C. § 794a(a)(2); whereas § 504 adopts Title VI's enforcement procedures and applies to employees of any program or activity receiving federal financial assistance, 29 U.S.C. § 794a(a)(1).  And the Eleventh Circuit noted, in *Doe v. Garrett*, that as a general matter, Title VI—and by extension RA § 794—did not incorporate Title VII's requirement of exhaustion of administrative remedies.  903 F.2d 1455, 1460–01 (11th Cir.1990).  Thus, a non-federal employee making a claim under § 504 does not have to exhaust administrative remedies prior to filing suit.  *Swain v. Valdosta City Sch. Dist.,* 2013 WL 486273, at *1 (M.D. Ga. Feb. 6, 2013) (citing *Ali v. City of Clearwater*, 807 F. Supp. 701, 703 (M.D.Fla.1992)) (collecting cases).

Before filing an answer, the School District moved to dismiss Hayes's complaint as untimely.  Doc. 6.  Specifically, the School District contends that because this action was filed 205 days after the right to sue letter was issued and 112 days beyond the ninety-day right to sue limitation,[2] Hayes failed to exhaust administrative remedies before filing suit.  Doc. 6 at 2.  In response, Hayes argues that the right to sue letter was not received until June 4, 2021, and it is on that date the ninety-day period began to run.  Docs. 8-1; 8-2.  Thus, Hayes argues, the action is timely because it was filed within ninety days of June 4, 2021. Doc. 8.

## B. Hayes's Complaint was Timely Filed

To properly exhaust administrative remedies a plaintiff must first file a charge of discrimination with the EEOC and then file suit within ninety days of receiving notice of a right to sue letter.  42 U.S.C. § 2000e-5(f)(1).  Absent evidence to the contrary, it is ordinarily presumed that a mailing is received three days after it was sent, and it is presumed to be sent on the date posted.  *Kerr v. McDonald's Corp.*, 427 F.3d 947, 953 n.9 (11th Cir. 2005).  The presumption does not apply, however, where the plaintiff can show that receipt of the notice was delayed "through no fault of his own."  *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1243 (11th Cir. 1982).[3]  This requires a plaintiff to show he "advis[ed] the EEOC of address changes or [took] other reasonable steps to ensure delivery of the notice to his current address."  *Id*.  If the plaintiff can make that

---

[2] Presuming the EEOC Notice was issued on November 9, 2020, Hayes's complaint was filed 296 days later on September 1, 2021. Doc. 6-1.

[3] This prevents relief from being "condition[ed] ... on fortuitous circumstances or events beyond [the plaintiff's] control." *Zillyette,* 179 F.3d at 1340 (internal quotations omitted).

showing, then the ninety-day timer will begin on the day when he actually receives notice.

In this case, Hayes argues she did not receive the right to sue letter until June 4, 2021.  Docs. 8-1 ¶¶ 7, 8; 8-2 ¶ 8.  Hayes's counsel testified that the EEOC referred Hayes's charge of discrimination to the Department of Justice ("DOJ) in August 2020 and thereafter received no communications from the DOJ or EEOC until June 2021.  *Id.* This "did not seem unusual due to the COVID-19 pandemic, as well as the fact" plaintiff's counsel "had represented another individual in which the [DOJ] had considered a charge of discrimination for sixteen months before eventually issuing a Notice of Right to Sue."  Doc. 8-2 ¶ 10.  It was not until June 4, 2021, when Hayes's lawyer called the assigned EEOC investigator to check the status of Hayes's case that Hayes first learned a right to sue letter had purportedly been issued.  Docs. 8-1 ¶ 8; 8-2 ¶ 8.  The School District has not argued that Hayes or Hayes's counsel received notice prior to that date.  Nor does the School District argue that Hayes failed to act diligently or that Hayes's actions were not reasonable.  *See Lewis,* 673 F.2d at 1243.

Moreover, there is some evidence that the right to sue letter was incorrectly addressed to Hayes. The letter correctly listed the address for Hayes's counsel's post office box, but it incorrectly noted his office's street address. Doc. 8. And while the right to sue letter purported to be sent by email, it failed to state which if any email addresses to which it was sent. Doc. 6-1.

### III. CONCLUSION

In short, Hayes has presented some evidence that her actions were reasonable, and the School District has not presented any evidence to the contrary.  Because

Hayes's suit was filed September 1, 2021, which is within ninety days from when Hayes actually received notice of the right to sue letter, Hayes's complaint was timely filed.  For the reasons noted, Defendant's motion (Doc. 6) is **DENIED**.

      **SO ORDERED**, this 3rd day of February, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT